EMILE A. DAVIS, ESQ. – BAR NO. 208394
JENNIFER S. PRUSAK, ESQ. – BAR NO. 226689
WINER, McKENNA & DAVIS, LLP
THE ORDWAY BUILDING
ONE KAISER PLAZA, SUITE 1450
OAKLAND, CALIFORNIA 94612
TEL (510) 433-1000
FAX (510) 433-1001
Email:   emile@wmdattorneys.com
         jennifer @wmdattorneys.com

Attorneys for Plaintiff,
PAUL GORDON

FILED
2007 MAY 17 P 1: 29
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

#5
Fees Pd
SI

E-FILING
ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAUL GORDON

             Plaintiff,

    vs.

TRANSPORTATION SECURITY
ADMINISTRATION; MICHAEL
CHERTOFF, SECRETARY, DEPARTMENT
OF HOMELAND SECURITY; AND DOES 1
TO 25, INCLUSIVE,

             Defendants.

CASE NO. C07 02628 PVT

COMPLAINT FOR DAMAGES

1.   DISABILITY DISCRIMINATION IN VIOLATION OF
     SECTION 501 OF THE REHABILITATION ACT OF
     1973

DEMAND FOR JURY TRIAL

**COMPLAINT**

Now comes PAUL GORDON, Plaintiff in this action, and files this Complaint, and further alleges as follows:

**PARTIES TO THE CIVIL ACTION**

1.    Plaintiff PAUL GORDON (hereinafter "Plaintiff") is a male adult natural person who is and was at all times mentioned herein a resident of the State of California.

2.    Plaintiff is informed and believes, and thereon alleges that Defendant, TRANSPORTATION SECURITY ADMINISTRATION (TSA), is a Federal Governmental Agency.

1

Complaint for Damages

3.     Plaintiff is informed and believes, and thereon alleges that Defendant, Michael Chertoff, Secretary, Department of Homeland Security, is an appropriate and required Defendant in that he is the head of the governmental agency defendant, and a required named defendant pursuant to Final Decision on the complaint of employment discrimination filed by Plaintiff with the Department of Homeland Security.

4.     Defendants Does 1 to 25 are business entities of unknown form who were the employers of the Plaintiff and/or Defendant TSA, and are herein sued under fictitious names. Their true names and capacities are unknown to Plaintiff.

5.     Plaintiff is informed and believes and thereon alleges that there exists, and, at all times relevant to this complaint, existed a unity of interests between certain of the Defendants such that any individuality and separateness between these certain Defendants has ceased, and those certain Defendants are the alter ego of the other certain Defendants and exerted control over each other.  Adherence to the fiction of the separate existence of these certain Defendants as an entity distinct from other certain Defendants will permit an abuse of the corporate privilege and would sanction fraud and /or promote injustice.

6.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned in this Complaint, Defendants were the agents and employees of their co-Defendants, and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment and acted in such a manner as to ratify the conduct of their co-Defendants

Venue and Jurisdiction

7.     Venue is proper because the actions and injuries giving rise to this Complaint took place in the County of Santa Clara, California; and because Plaintiff is informed and believes and thereon alleges that Defendants and each of them committed the acts alleged herein in the County of Santa Clara, California.

8.      At all relevant times herein Plaintiff was an individual suffering from a handicap and/or disability as those terms are defined by the Rehabilitation Act of 1973 and the regulations promulgated there under.   Specifically, Plaintiff is a person who had one arm amputated above the elbow.  That defect substantially limits him in major life activities.

9.      Subject matter in this action is properly heard in this Court, as the action incorporates an amount in controversy as set forth in the complaint which exceeds $75,000.00.

10.     At all times mentioned herein, section 501 of the Rehabilitation Act of 1973, was in full force and effect, and was binding upon Defendants.

11.     Plaintiff is informed and believes and thereon alleges that Defendants are employers subject to suit under the applicable laws.

12.     Plaintiff has exhausted his administrative remedies by filing complaint number HS-06-TSA-001629 with the Department of Homeland Security, and receiving a Final Decision. He has therefore satisfied the administrative prerequisites for the bringing of this suit.  Plaintiff brings this suit within the time allowed by law.

## FACTS COMMON TO ALL CAUSES OF ACTION

13.     Plaintiff is a former employee of Defendants and/or Does 1-50 herein, and performed all duties of the position of Security Screener from 2002 through August 2005 at the Los Angeles International Airport.  Each year, Plaintiff was required to, and did complete, physical agility testing. At all times Plaintiff met the physical requirements set forth by the Department of Homeland Security and the Transportation Security Administration as established by 49 U.S.C. section 44935(f).  During this time, Plaintiff did not request, require or receive any accommodations in order to perform the essential functions of his position as security screener.

14.     In August, 2005, Plaintiff intended a transfer to the Modesto City-County Airport. However, he was required to reapply for the position of Security Screener at the Modesto Airport.

15.    Plaintiff applied for the position online, informing Defendants that he had only one arm. His online application was subsequently accepted and he was offered the position subject to required testing.

16.    Plaintiff was required to travel to Modesto for a knowledge-based test.  He did so, completing the computerized test, and was informed that he had passed the test.

17.    Thereafter he was asked to travel to San Jose to complete a Physical Agility Test and a Medical Evaluation, such as he had taken as part of his prior employment as a security screener for the TSA.  Plaintiff took the physical agility test, and was informed that he had passed the test which measures the ability to perform the functions of the position of security screener.  He then proceeded to the medical exam which also took place in San Jose, California, in the County of Santa Clara.  As he arrived to take the medical test, the facilitator looked at Plaintiff and immediately stated that Plaintiff was disqualified from the position because he had an amputation of his arm.

18.    Plaintiff protested, indicating that he had performed the very job he was applying for 3 years, and that he had passed the medical evaluation previously.  He had done each of these things after enactment of the ATSA and while he was a person with a disability, in that he had 1 arm that had been amputated.

### FIRST CAUSE OF ACTION
### DISABILITY DISCRIMINATION IN VIOLATION OF THE REHAB ACT OF 1973
### (AS AGAINST DEFENDANTS, AND EACH OF THEM)

19.    By this reference, Plaintiff hereby incorporates each and every paragraph set forth above as though fully set forth at this place.

20.    During the relevant time period herein, Plaintiff was qualified to perform the position of security screener, and in fact had done so for a number of years.  A job opening at the Merced Airport for the position of Security Screener was available.   Plaintiff applied for the open position of Security Screener, but was denied the position on the basis that he is a person with a disability.

Complaint for Damages

21.    Defendants and each of them violated the requirements of Section 501 of the Rehabilitation Act of 1973 by discriminating against Plaintiff on the basis of his disability.

22.    At all times herein mentioned, Plaintiff was willing and able to perform the duties and functions of his position if Defendants, and each of them, had offered the position to him.

23.    As a direct and proximate result of the unlawful conduct of Defendants and each of them, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, and other damages to be proven at time of trial.

24.    As a direct and proximate result of the unlawful conduct of Defendants and each of them, Plaintiff has suffered general damages including but not limited to shock, embarrassment, physical distress and injury, humiliation, emotional distress, stress and other damages to be proven at the time of trial.

25.    As a result of the conduct of Defendants and each of them, Plaintiff was forced to retain an attorney in order to protect his rights. Accordingly, Plaintiff seeks the reasonable attorneys fees and costs incurred in this litigation in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff makes the following demand:

As to the First Cause of Action set forth herein, Plaintiff prays:

a)    That process be issued and served as provided by law, requiring Defendants to appear and answer or face judgment;

b)    That Plaintiff has and recovers a judgment against Defendants in an amount to be determined at trial as general, special, actual, compensatory and/or nominal damages for their wrongful conduct.

c)    That Plaintiff have and recover a judgment against Defendants for punitive damages

in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants;

d)    That Plaintiff have and recover a judgment against Defendants in an amount to be determined at trial for expenses of this litigation, including, but not limited to, reasonable attorney's fees and costs;

e)    That Plaintiff has and recovers a judgment against Defendants for all prejudgment interest;

f)    That Plaintiff has such other relief as this Court deems just and appropriate.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY.

DATED: May 16, 2007

WINER, McKENNA & DAVIS, LLP

By: _____
EMILE A. DAVIS,
Attorneys for Plaintiff,
PAUL GORDON

Complaint for Damages