SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorney

   150 Almaden Blvd., Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5044
   FAX: (408) 535-5081
   James.Scharf@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PAUL GORDON, ) | Case No. C 07-02628 JW |
|    Plaintiff, ) ) | |
| v. ) ) | AMENDED DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT |
| TRANSPORTATION SECURITY ) ADMINISTRATIVE, SECRETARY, ) DHS, et al, ) ) | Date: November 5, 2007 Time: 9:00 a.m. Judge: Hon. James Ware |
|    Defendants. ) | |

     The federal defendants, by and through the undersigned Assistant United States Attorney, moves this Court pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction. In the alternative, Defendants move to dismiss all defendants except Defendant Michael Chertoff, in his official capacity as the Secretary of the Department of Homeland Security. In support of this motion, Defendants submit the following facts and argument in support.

Amended Defendant's Motion to Dismiss
Gordon v. Transportation Security Administrative, Secretary, DHS
C 07-02628 JW

**Statement of Facts**

Plaintiff, Paul Gordon, "is a person who had one arm amputated above the elbow." Compl. ¶ 8. Plaintiff is a former employee of the Transportation Security Administration ("TSA") at Los Angeles International Airport. Id. ¶ 13. He was hired as a Transportation Security Screener ("TSS") in 2002. In the summer of 2005, Plaintiff allegedly asked to be transferred Modesto City-County Airport,[1] but TSA allegedly required that he re-apply instead. Id. ¶ 14. Plaintiff allegedly passed several phases of the application process, but was ultimately disqualified by the medical examiner because his arm had been amputated. Id. ¶¶ 16-17.[2]

On March 1, 2006, Plaintiff contacted an EEO counselor, alleging that his non-selection constitutes unlawful discrimination based on his disability. Plaintiff agreed to participate in TSA's Alternative Dispute Resolution program, but the resulting facilitation did not resolve Plaintiff's concerns. On September 22, 2006, Plaintiff filed a formal complaint of employment discrimination. In his formal complaint, Plaintiff alleged simply that he had been told that he could not work because he had only one arm. On March 2, 2007, the Department of Homeland Security issued a Final Agency Decision dismissing the complaint on the grounds that the Aviation Transportation Security Act ("ATSA") authorizes TSA to establish minimum qualification standards for screeners notwithstanding any other provision of law, including the Rehabilitation Act.

**Legal Argument**

A court may exercise subject matter jurisdiction over an action only when specifically

---

[1] The allegations of the Complaint are inconsistent on this point; Plaintiff alleges elsewhere in the Complaint that he applied for a position at the Merced Airport. Compl. ¶ 20.

[2] While not directly pertinent to the subject motion, the Transportation Security Screener Medical Guidelines and Assessment Procedures state that an applicant whose arm has been amputated above the elbow must be disqualified.

authorized to do so, and must dismiss an action when it becomes apparent that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3). Plaintiff has the burden of showing that jurisdiction is proper. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). The Complaint is based solely on the Rehabilitation Act. Because the Aviation and Transportation Security Act ("ATSA") preempts the Rehabilitation Act, this Court does not have jurisdiction over Plaintiff's Complaint. Plaintiff's Complaint must be dismissed in its entirety. In the alternative, the Court should dismiss all defendants other than Defendant Chertoff in his official capacity as agency head.

**I. Plaintiff's Claim of Discrimination Under the Rehabilitation Act Must be Dismissed Because ATSA Preempts the Rehabilitation Act.**

In his Complaint, Plaintiff asserts that the TSA discriminated against him on the basis of disability by refusing to hire him because of his amputation. Generally, the Rehabilitation Act applies to federal employees alleging discrimination on the basis of disability, and courts rely on cases enforcing the Americans with Disabilities Act to interpret the Rehabilitation Act. See Gibler v. M&B Assocs., 343 F.3d 1143, 1146 n.2 (9th Cir. 2003). However, the Rehabilitation Act does not apply to Plaintiff's Complaint,[3] because the Aviation and Transportation Security Act ("ATSA") preempts the Rehabilitation Act and authorizes the TSA to set qualifications, conditions, and standards for employment for security screeners without being subject to the requirements of the Rehabilitation Act.

**A. Background of ATSA**

Following the attacks of September 11, 2001, Congress recognized that the

---

[3] The Rehabilitation Act of 1973 prohibits federal agencies from discriminating against disabled persons in employment matters, such as hiring, placement, or advancement. See 29 U.S.C. § 701, *et. seq.* By the filing of this motion, Defendant does not admit that Plaintiff can establish disability discrimination under the Rehabilitation Act.

"safety and security of the civil air transportation system is critical to the security of the United States and its national defense, and that a safe and secure United States civil air transportation system is essential to the basic freedom of America to move in intrastate, interstate, and international transportation." 147 Cong. Rec. H8262-01, 2001 WL 1451916 (Cong. Rec.) at 64 (2001). Congress passed ATSA to bring about a "fundamental change in the way" the United States "approaches the task of ensuring the safety and security of the civil air transportation system." Id.; Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006). One of the changes was to create a workforce of federal employees to screen passengers and cargo at commercial airports. Castro, 472 F.3d at 1336.

Under the ATSA, the TSA Administrator has "wide latitude to determine the terms of employment of screeners" so as "to ensure that Federal screeners are able to provide the best security possible." 147 Cong. Re. H8262-01, 2001 WL 1451916 (Cong. Rec.) at 79.[4] Under section 111(d) of ATSA, codified as a note in 49 U.S.C. § 44935, Congress provided that "notwithstanding any other provision of law, the Under Secretary of Transportation for Security may employ, appoint, discipline, terminate, and fix the compensation, terms, and conditions of employment of Federal service for [federally employed security screeners]."

### B. By Using the "Notwithstanding" Clause, Congress Intended to Preempt any Conflicting Statutes, Including the Rehabilitation Act.

In drafting ATSA, Congress mandated that airport security screeners must be able to meet minimum physical and other requirements of employment. By drafting the clause

---

[4] The ATSA refers to the Under Secretary of Transportation for Security; however, the Under Secretary is now known by the title "Administrator of the Transportation Security Administration." 49 C.F.R. § 1500.3. TSA was originally placed within the Department of Transportation, but has since moved to the Department of Homeland Security. 6 U.S.C. § 203(2).

"notwithstanding any other provision of law," Congress specifically stated its intention that, regardless of any other law, TSA has discretion to set qualifications, conditions and standards of employment for security screeners.

Construing the plain language of a "notwithstanding" clause, the Supreme Court has explained that the clause "clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section." Cisneros v. Alpine Ridge Group, 508 U.S. 10, 18 (1993); Shomberg v. United States, 348 U.S. 540, 547-48 (1955) (when Congress uses a "notwithstanding" clause it "clearly manifest[s] its intent that certain policies should override" other statutory terms). In Cisneros, the Supreme Court further stated, "the Courts of Appeals generally have 'interpreted similar 'notwithstanding' language . . . to supersede all other laws, stating that '[a] clearer statement is difficult to imagine.'"" 508 U.S. at 18; see also Student Loan Fund of Idaho, Inc. v. U.S. Dep't of Educ., 272 F.3d 1155, 1166 (9th Cir. 2001) (the "[n]otwithstanding any other provision of law clause demonstrates that Congress intended to supersede any previously enacted conflicting provisions.").

**C.  ATSA Preempts the Rehabilitation Act.**

The Eleventh Circuit recently held in favor of TSA and dismissed a plaintiff's disability discrimination suit on the grounds that ATSA does, indeed, preempt the Rehabilitation Act. See Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1337 (11th Cir. 2006). In Castro, an unsuccessful applicant for a security screener position with TSA, whose application was rejected based on his medical history of seizures, sued the agency claiming that the denial of his application constituted discrimination on the basis of disability in violation of the Rehabilitation Act. The Court reasoned that the "plain language of the ATSA indicates that TSA need not take the requirements of the Rehabilitation Act into account" with regard to the employment of

security screeners. Id. Interpreting the phrase "notwithstanding any other provision of law," the Court further opined that this phrase indicates Congress's intention that ATSA should take precedence over any previously or subsequently enacted legislation. Id. Thus, the "notwithstanding" language in ATSA indicates that "TSA shall implement hiring standards and conditions of employment (including physical standards) for screening personnel, whether or not those standards and conditions of employment are consistent with the Rehabilitation Act."[5] Id; Yeager v. Chertoff, No. C06-0740RSM, 2006 WL 4673439, *4 (W.D. Wash. Nov. 13, 2006) (holding that the Rehabilitation Act is superseded by the ATSA); Tucker v. Ridge, 322 F. Supp. 2d 738 (E.D. Tex. 2004) (same).

Based on the plain language of ATSA and the collective reasoning and conclusion of federal courts that have addressed the preemption issue involving ATSA, Plaintiff's claim is barred because ATSA preempts the Rehabilitation Act. The "notwithstanding any other provision of law" language in ATSA grants TSA the power to set qualifications, conditions and standards of employment for security screeners without being subject to the requirements of the Rehabilitation Act. Therefore, Plaintiff's Complaint must be dismissed.

**II. Secretary Chertoff is the Only Proper Defendant.**

In the alternative, the Court should dismiss all defendants except Defendant Michael Chertoff. The Rehabilitation Act incorporates Title VII's dictate that the head of the agency is the only proper Defendant. See Johnston v. Horne, 875 F.2d 1415, 1419-20 (9th Cir. 1989)

---

[5] The "notwithstanding" language in ATSA also preempts conflicting legal authority other than the Rehabilitation Act. See Orelski v. NCS Pearson, 337 F. Supp. 2d 695 (W.D. Pa. 2004). In Orelski, TSA terminated the plaintiff, a security screener, based on the results of a criminal background check, in accordance with employment qualifications set by TSA pursuant to ATSA. Id. at 697, n.1. The plaintiff sued TSA's contractor, NCS Pearson, alleging violations of state law, including misrepresentation, intentional infliction of emotional distress, and breach of contract, based on NCS Pearson's alleged assurances to the plaintiff that his criminal record would not preclude his employment with TSA. Id. at 697. The court held that the "notwithstanding" clause of ATSA caused it to preempt the state law claims that were at issue. Id. at 701.

(explaining that the agency head was the only proper defendant for discrimination claims under the Rehabilitation Act and Title VII); 42 U.S.C. § 2000e-16(c) (setting forth Title VII's requirement that "the head of the department, agency, or unit, as appropriate, shall be the defendant."). Accordingly, Defendants Transportation Security Administration and Does 1 to 25 should be dismissed.

## Conclusion

For the reasons stated above, Defendants respectfully requests that this Court grant their Motion to Dismiss Plaintiff's Complaint. In the alternative, the Court should dismiss all defendants other than Secretary Chertoff.

DATED: August 21, 2007

SCOTT N. SCHOOLS
United States Attorney

/S/
JAMES A. SCHARF
Assistant United States Attorney

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**AMENDED DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT**

**PAUL GORDON v. TRANSPORTATION SECURITY ADMINISTRATIVE**
Case No.  C 07-02628 PVT

to be served this date upon the party(ies) as follows:

√    **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

___    **CERTIFIED MAIL** (#) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

___    **PERSONAL SERVICE (BY MESSENGER)**

___    **FACSIMILE (FAX)**  Telephone No.: _____

___    **FEDERAL EXPRESS**

___    **HAND-DELIVERED**

to the parties addressed as follows:

**Emile Davis, Esq**
**Winter McKenna & Davis, LLP**
**One Kaiser Plaza, Suite 1450**
**Oakland, CA 94612**

**Jennifer Sarah Prusak**
**Winter McKenna & Davis, LLP**
**One Kaiser Plaza, Suite 1450**
**Oakland, CA 94612**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21th day of August, 2007, at San Jose, California.

__/s/_____
Mimi Lam
Legal Assistant